**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDRE BELL,
                    Appellant,

          v.

SMITHSONIAN INSTITUTION,
                    Agency.

DOCKET NUMBER
DC-0752-20-0403-I-1

DATE:  October 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosa M. Koppel, Esquire, McLean, Virginia, for the appellant.

Katherine Bartell and Mia Haessly, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Supervisory Security Guard with the Smithsonian Institution at the National Museum of African American History and Culture (NMAAHC). Initial Appeal File (IAF), Tab 4 at 13, Tab 5 at 4. On August 8, 2019, the appellant was involved in an argument with a coworker that escalated into a physical confrontation. IAF, Tab 5 at 10-15. Despite their supervisor, the Security Manager, being in between them, the two continued to physically grapple and had to be separated by several other employees. *Id.*; IAF, Tab 10. On August 28, 2019, the agency proposed to remove the appellant for one charge of fighting. IAF, Tab 5 at 4-6. After rescinding its original removal decision and providing the appellant an opportunity to view the video file and submit a written and oral response, the agency sustained the charge and removed the appellant, effective February 22, 2020. IAF, Tab 4 at 13-16, 19-31. The agency similarly proposed to remove the coworker, but it mitigated the penalty to a demotion and a 14-day suspension. IAF, Tab 14 at 15-18.

The appellant subsequently filed a Board appeal, alleging that his coworker was the aggressor and arguing that his punishment of removal should not be more severe than that of his coworker's punishment. IAF, Tab 1 at 6. After holding a

hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 19, Initial Decision (ID) at 1.

The administrative judge found that there was no dispute that the appellant engaged in fighting. ID at 9. In so holding, the administrative judge did not credit the appellant's testimony that he was not the aggressor. *Id*. Rather, the administrative judge credited the proposing official's testimony that the appellant, as opposed to the coworker, was the aggressor in the incident. ID at 9-10. The administrative judge then found a nexus between the action and the efficiency of the service. ID at 10-11. Finally, the administrative judge found that the penalty of removal was reasonable. ID at 11-15. The administrative judge considered and credited the deciding official's testimony that she considered the appellant the aggressor, which substantiated the more severe penalty for the appellant. ID at 14-15.

The appellant has filed a petition for review, arguing that the initial decision was based on erroneous findings of fact. PFR File, Tab 1 at 13. He presents several mitigating factors in support of a lesser penalty, challenges the administrative judge's credibility determinations, and argues that he improperly received a disparate penalty compared to the coworker, despite them being similarly situated. *Id*. at 5-6, 11-16. The agency has responded, and the appellant has replied to its response. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, in an adverse action appeal, an agency must prove its charge by a preponderance of the evidence, establish a nexus between the action and the efficiency of the service, and establish that the penalty it imposed is within the tolerable bounds of reasonableness. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). The administrative judge here found that the agency proved its charge of fighting by preponderant evidence and established a nexus between the

action and the efficiency of the service. ID at 10-11. The parties do not challenge these findings on review, and we discern no reason to disturb them.

The appellant on review challenges the penalty of removal. PFR File, Tab 1 at 13-16. The administrative judge found that the penalty of removal was within the tolerable bounds of reasonableness. ID at 15. We agree. The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

The appellant has failed to present sufficiently sound reasons for disturbing the administrative judge's credibility determinations.

The appellant on review specifically challenges the administrative judge's finding that he was the aggressor. PFR File, Tab 1 at 13. The administrative judge credited both the proposing and deciding officials' testimony that the appellant was the aggressor. ID at 9-10, 12, 14-15. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Indeed, the evaluation of witness credibility is a matter within the administrative judge's discretion and is "virtually unreviewable." *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 13 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). An administrative judge's credibility determinations are not owed deference when the findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Id*. However, mere disagreement with the administrative judge's credibility determinations generally does not warrant full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).

The appellant argues that the administrative judge erred in crediting the proposing official's conclusion that he was the aggressor because she "could not say who started the verbal confrontation." PFR File, Tab 1 at 13. He further asserts that the deciding official "was unable to point to any part of the video supporting her view" that the appellant "was the aggressor." *Id.* at 15-16. We are unpersuaded. Regardless of who started the verbal confrontation, the proposing official testified that the appellant was the aggressor, and thus caused the physical confrontation that followed. IAF, Tab 18, Hearing Compact Disc (HCD), Track 1 at 40:38 (testimony of the proposing official). Moreover, the deciding official testified that she determined that the appellant was the aggressor based on the video depicting him pointing at the coworker, approaching and following him around the short wall dividing them, and continuing to point at the coworker despite the proposing official's attempts to keep them separated. HCD, Track 2 at 13:31 (testimony of the deciding official). Indeed, the video depicts just that: the appellant crossing the room and aggressively approaching the coworker, who was on the other side of the room from the appellant. IAF, Tab 10. We therefore find that the administrative judge's credibility determinations are complete, consistent with the weight of the evidence, and supported by the record. As such, we must defer to the administrative judge's credibility determinations, and the appellant has failed to present sufficiently sound reasons for overturning them. *Haebe*, 288 F.3d at 1301; *Mithen*, 122 M.S.P.R. 489, ¶¶ 12-13.

<u>The appellant has failed to demonstrate that the agency erred in imposing on him a harsher penalty than that of his coworker.</u>

The appellant on review argues that he received a disparate penalty in comparison to the coworker, and that the agency knowingly and intentionally treated the similarly situated employees differently. PFR File, Tab 1 at 14-16. The administrative judge noted the deciding official's testimony that the appellant was the aggressor as her justification for imposing a harsher penalty on the appellant. ID at 14-15.

It is well settled that among the factors an agency should consider in setting the penalty for misconduct is the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305. To establish disparate treatment with regard to the penalty for an act of misconduct, the appellant must show that the charges and circumstances surrounding the charged behavior are substantially similar. *Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶ 14 (2012). Establishing that the charges and circumstances surrounding the charged behavior are substantially similar may include proof that the proffered comparison employee was in the same work unit, was with the same supervisor, was subjected to the same standards governing discipline, and faced discipline close in time to the appellant. *Id*. While the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct and other circumstances closely resemble those of the appellant. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. In assessing an agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Id.*, ¶ 14. When an employee raises an allegation of disparate penalties in comparison to specified employees, the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld. *Hamilton*, 117 M.S.P.R. 384, ¶ 14.

The appellant here argues that the coworker involved in the fighting was a similarly situated employee but received a disparate treatment. PFR File, Tab 1 at 13-16. Specifically, he alleges that they were both Supervisory Security Guards at the NMAAHC, worked in the same unit, reported to the same supervisor, were involved in the same fight, disobeyed supervisor instructions to stop the fight, had identical charges leveled against them, were subject to the same standards of conduct, took the same training concerning conduct, and were previously disciplined for insubordination. *Id*. at 15. Indeed, even the agency seems to admit that the appellant and the coworker were similarly situated. PFR

File, Tab 3 at 11. We therefore agree that the appellant and the coworker were similarly situated employees for purposes of a disparate penalty analysis. *See Hamilton*, 117 M.S.P.R. 384, ¶ 14 (listing several factors to be considered in determining whether two employees are similarly situated).

Nonetheless, we find that the agency has established legitimate reasons for the difference in treatment of the appellant. As the deciding official testified, she distinguished the appellant's situation, as the aggressor, from the coworker, who engaged in the fight but was leaving the office to avoid the appellant. HCD, Track 2 at 49:20 (testimony of the deciding official). She specifically explained that, as the aggressor, the appellant deserved the more severe penalty and that the appellant's actions caused the situation to escalate into a fight. HCD, Track 2 at 49:30 (testimony of the deciding official). As discussed above, we defer to the administrative judge's credibility determination that the appellant was the aggressor in the fight. *See Mithen*, 122 M.S.P.R. 489, ¶ 13 (finding an administrative judge's credibility determinations virtually unreviewable). Moreover, although the appellant had more than 21 years of Federal service, this was fewer than that of the coworker, who had nearly 27 years of Federal service. IAF, Tab 4 at 14, Tab 14 at 15. We therefore find that the agency met its burden of proving legitimate reasons for the difference in penalties. *See Hamilton*, 117 M.S.P.R. 384, ¶ 15 (finding an agency established legitimate reasons for its disparate treatment when the comparator claimed to be unaware of his obligation to cooperate with an investigation and subsequently offered to fully cooperate, whereas the appellant continuously refused to cooperate with the agency's investigation); *see also Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 14 (2013) (finding the agency established legitimate reasons for disparate treatment when, unlike the appellant, the comparator's conduct did not cause employees to fear for their safety and did not violate the agency's zero tolerance policy, and he had significantly more years of service).

<u>The appellant has not otherwise demonstrated that the penalty of removal is beyond the tolerable limits of reasonableness.</u>

In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency; the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 302. In evaluating the penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd per curiam*, 617 F. App'x 996 (Fed. Cir. 2015) (Table).

The Board has held that fighting at the worksite during duty hours is serious. *Grandison v. Department of the Navy*, 7 M.S.P.R. 301, 304 (1981). Moreover, we agree with the administrative judge that the deciding official properly considered the relevant mitigating and aggravating factors. ID at 15; IAF, Tab 4 at 14-15, Tab 5 at 4-5. Accordingly, we agree with the administrative judge that the penalty of removal is within the tolerable bounds of reasonableness. *See Douglas*, 5 M.S.P.R. at 306 (finding the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness).

## NOTICE OF APPEAL RIGHTS[1]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2]  The court of appeals must <u>receive</u> your

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.